UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DYNOCOM INDUSTRIES, INC., | No. 2:17-mc-0121 KJM DB |
| Plaintiffs, | |
| v. | ORDER TO SHOW CAUSE |
| MAINLINE AUTOMOTIVE EQUIPMENT PTY. LTD. t/a MAINLINE DYNOLOG DYNAMOMETERS, et al., | |
| Defendants. | |

On September 22, 2017, the undersigned issued an order granting defendants' August 25, 2017 motion to compel, and ordering third party Kert Miller to produce responsive discovery to the defendants within twenty-one days. (ECF No. 7.) On December 5, 2017, defendants filed a motion seeking the issuance of an Order to Show Cause requiring Kert Miller to appear and show cause for his failure to comply with the September 22, 2017 order. (ECF No. 9.) Therein, defendants explain that the September 22, 2017 order was served on Miller, yet Miller has failed to comply with that order. (Id. at 5.)

Rule 45(g) of the Federal Rules of Civil Procedure provides that "[t]he court for the district where compliance is required . . . may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." "'[T]he moving party has the burden of showing by clear and convincing evidence that the contemnors

1

violated a specific and definite order of the court. The burden then shifts to the contemnors to demonstrate why they were unable to comply.'" Federal Trade Com'n v. Enforma Natural Products, Inc., 362 F.3d 1204, 1211 (9th Cir. 2004) (quoting FTC v. Affordable Media, LLC, 179 F.3d 1228, 1239 (9th Cir. 1999)).

Moreover, the failure of a party to comply with any order of the court "may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." Local Rule 110. "[T]he district court has 'wide latitude in determining whether there has been a contemptuous defense of its order.'" Stone v. City and County of San Francisco, 968 F.2d 850, 856 (9th Cir. 1992) (quoting Gifford v. Heckler, 741 F.2d 263, 266 (9th Cir. 1984)). However, "[d]ue process requires that a person facing contempt sanctions be given adequate notice and fair opportunity to be heard in civil contempt proceedings." U.S. S.E.C. v. Hyatt, 621 F.3d 687, 694 (7th Cir. 2010).

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant's December 5, 2017 motion for an order to show cause (ECF No. 9) is granted[1];

2. Kert Miller shall appear in person on **Friday, February 9, 2018, at 10:00 a.m.**, at the United States District Court, 501 I Street, Sacramento, California, in Courtroom No. 27, before the undersigned;

3. On or before **January 26, 2018**, Kert Miller shall show cause in writing as to why he should not be sanctioned for failure to comply with the court's September 22, 2017 order;

4. On or before **January 26, 2018**, defendants shall file and serve on Kert Miller a memorandum addressing their request for contempt sanctions;

5. On or before **February 2, 2018,** Kert Miller shall file any response to defendants' request for sanctions; and

////

---

[1] Defendants' request for attorneys' fees and costs is premature, should be addressed in their January 26, 2018 memorandum, and will be addressed by the undersigned at the February 9, 2018 hearing.

2

6. The Clerk of the Court is directed to serve a copy of this order on Kert Miller at the following address:

>   9060 Central Avenue
>   Orangevale, CA 95662

Dated: January 9, 2018

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB\orders\orders.civil\dynacom0121.osc.miller

3